**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4311**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LONNIE EUGENE HAMES,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Rock Hill. Terry L. Wooten, Chief District Judge. (0:17-cr-00667-TLW-2)

Submitted: December 18, 2018                    Decided: December 20, 2018

Before AGEE, THACKER, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Andrew Mackenzie, BARRETT-MACKENZIE, LLC, Greenville, South Carolina, for Appellant. Tommie DeWayne Pearson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lonnie Eugene Hames appeals his jury convictions for possession of a firearm by a felon (firearm conviction), in violation of 18 U.S.C. §§ 2, 922(g)(1), 924(a)(2), 924(e) (2012); and conspiracy to commit access device fraud, in violation of 18 U.S.C. § 1029(b)(2) (2012). Hames' attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating there are no meritorious issues for appeal, but suggesting that the district court erred when it denied Hames' Fed. R. Crim. P. 29 motions for judgment of acquittal challenging the sufficiency of the Government's evidence. Hames has filed a pro se supplemental brief, asserting that his base offense level should not have been increased under U.S. Sentencing Guidelines Manual (USSG) § 2K2.1(a)(2) (2016). The Government has declined to file a response brief. We affirm.

"We review the denial of a Rule 29 motion de novo, and we must sustain the verdict if there is substantial evidence, viewed in the light most favorable to the government, to support it." *United States v. Edlind*, 887 F.3d 166, 172 (4th Cir.), *cert. denied*, 139 S. Ct. 203 (2018) (internal quotation marks omitted). "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *Id.* (internal quotation marks omitted). "A defendant bringing a sufficiency challenge must overcome a heavy burden, and reversal for insufficiency must be confined to cases where the prosecution's failure is clear." *Id.* (citation and internal quotation marks omitted). We have reviewed the transcript of Hames' jury trial and conclude that the Government

2

presented substantial evidence to support Hames' convictions. We thus discern no error in the district court's denial of Hames' Rule 29 motions.

We also discern no error in the district court's imposition of a 96-month sentence. "[A]ny sentence, within or outside of the [Sentencing] Guidelines range, . . . must be reviewed by appellate courts for reasonableness pursuant to an abuse of discretion standard." *United States v. Diosdado-Star*, 630 F.3d 359, 365 (4th Cir. 2011); *see also Gall v. United States*, 552 U.S. 38, 51 (2007); *Rita v. United States*, 551 U.S. 338, 350 (2007). This review requires consideration of both the procedural and substantive reasonableness of the sentence. *See United States v. Lynn*, 592 F.3d 572, 575 (4th Cir. 2010). We first decide whether the district court correctly calculated the defendant's advisory Guidelines range, considered the 18 U.S.C. § 3553(a) (2012) factors, analyzed the arguments presented by the parties, and sufficiently explained the selected sentence. *Id.* at 575-76.

If we conclude that a sentence is free of significant procedural error, we then consider the substantive reasonableness of the sentence. *Id.* at 575. "Substantive reasonableness examines the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *United States v. Mendoza-Mendoza*, 597 F.3d 212, 216 (4th Cir. 2010). A sentence within the correctly calculated Guidelines range is presumptively reasonable and "can only be rebutted by showing that the sentence is unreasonable when measured against the . . . § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

3

Under USSG § 2K2.1(a)(2), Hames was subject to a base offense level of 24 if he possessed the weapon underlying his firearm conviction after sustaining at least two felony convictions for either a crime of violence or a controlled substance offense. Although Hames asserts that his offense level should not have been enhanced under § 2K2.1(a)(2), Hames' presentence investigation report establishes that Hames had prior North Carolina convictions for common law robbery (robbery conviction), and several controlled substance offenses (e.g., conspiracy to sell marijuana, felony possession of marijuana with intent to sell or deliver) (narcotics convictions).[*]

Hames' narcotics convictions—for which he was sentenced to 10 to 21 months in prison—meet the Guidelines' definition of "controlled substance offense[.]" *See* USSG § 4B1.2(b) (2016) ("The term 'controlled substance offense' means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense."). Moreover, we have unequivocally held that North Carolina common law robbery qualifies as a crime of violence under the Guidelines. *See United States v. Gattis*, 877 F.3d 150, 160 (4th Cir. 2017), *cert. denied*, 138 S. Ct. 1572 (2018).

---

[*] Hames suggests that the district court may have also relied on his prior North Carolina conviction for breaking and entering to support the enhanced offense level. Hames' PSR did not identify this as a predicate conviction, however, and there is no indication that the district court considered it to be a conviction for a crime of violence.

4

The record establishes that the district court adopted the properly calculated Guidelines range, listened to the parties' arguments regarding an appropriate sentence, explained why it believed a downward variant sentence was inappropriate, afforded Hames an opportunity to allocute, and provided a very thorough explanation for Hames' sentence in accordance with the § 3553(a) factors it deemed relevant. Accordingly, the record reveals no basis for us to question the reasonableness of Hames' within-Guidelines sentence.

In accordance with *Anders*, we have reviewed the record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Hames, in writing, of his right to petition the Supreme Court of the United States for further review. If Hames requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hames. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*